UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Raines et al., | Case No. 19-cv-2552 (WMW/KMM) |
| Plaintiffs, | **ORDER** |
| v. | |
| Phoenix Corp. et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' motion for "entry of default order." (Dkt. 11.) Plaintiffs seek, among other remedies, injunctive relief ordering Defendants to submit to an inspection and audit of business and employment records from January 2019 through the present. For the reasons addressed below, the Court grants in part and denies in part Plaintiffs' motion.

**BACKGROUND**

Plaintiffs John Raines and Tim McGough are trustees and fiduciaries of the Carpenters & Joiners Welfare Fund, Twin City Carpenters Pension Plan, Carpenters and Joiners Defined Contribution Plan, and Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund[1] (the Funds). Created and maintained pursuant to Sections 302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1974, codified as amended at 29 U.S.C. § 186(c)(5), the Funds are administered in accordance with the

---

[1] Plaintiff Tim McGough is not listed as a trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund.

Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq*. Defendant Phoenix Corp. is a Minnesota corporation engaged in the construction business and Defendant Brian R. Connell is an owner and/or officer of Phoenix Corp.

Phoenix Corp. agreed on May 3, 2018, to be bound by the terms of a Collective Bargaining Agreement (CBA) with the North Central States Regional Council of Carpenters and the Associated General Contractors of Minnesota. Connell agreed to be personally bound by the obligations set forth in the CBA. And Defendants are bound by the CBA through at least April 30, 2020. The CBA requires Defendants to make monthly fringe benefit contributions to the Funds on behalf of all employees covered by the CBA in amounts set forth and agreed upon in the CBA. The CBA also requires Defendants to make employment and payroll records available for examination and audit by Plaintiffs or their authorized agents whenever such examination is deemed, by Plaintiffs, to be necessary to the proper administration of the Funds or to ascertain compliance. An employer that is delinquent in the submission of fringe benefit contributions also is liable for liquidated damages of 10 percent of the amounts owed and is required to pay interest on unpaid contributions at the rate set forth in Internal Revenue Code (IRC) § 6621 from the date such contributions were due.

Plaintiffs requested that Defendants produce employment, payroll, and business records for an audit of the period covering May 2018 through December 2018. Defendants produced the requested records for the audit period and produced remittance reports for January 2019 through April 2019. Plaintiffs' auditor discovered hours worked by various employees governed by the CBA for which Defendants did not remit fringe benefit

contribution payments. The Funds determined that Defendants are liable for $17,359.45, comprising fringe benefit contributions in the amount of $15,781.32 for the period of May 2018 through April 2019 and liquidated damages and interest in the amount of $1,578.13 for the audit period of May 2018 through December 2018.

Prior to filing the complaint, Plaintiffs requested that Defendants produce a complete set of all employment and payroll records for the period of January 2019 through September 2019 for the purpose of auditing Defendants' current compliance with terms of the CBA. Defendants have not produced the requested documents. After the complaint was filed, Defendants remitted a partial payment of $13,682.61 for the audit invoice covering May 2018 through December 2018. But Defendants continue to owe delinquent contributions and liquidated damages in the amount of $3,676.84 for the period of March 2018 through April 2019. Plaintiffs maintain that they cannot quantify the amounts owed for January 2019 through the present unless the Court orders Defendants to specifically perform the obligation to produce records and permit the audit. Pursuant to the CBA and Declarations of Trust under which the Funds were established, Defendants also are liable for the attorneys' fees and costs incurred by Plaintiffs in this action.

Plaintiffs commenced this action on September 18, 2019, alleging that Defendants failed to timely submit reports and contributions. Plaintiffs personally served Defendants. The Clerk of Court entered default against Defendants on October 31, 2019, and Plaintiffs now move for "entry of default order."

## ANALYSIS

Plaintiffs seek "two separate groupings of relief." First, Plaintiffs seek an order finding Defendants liable for $3,676.84 for contributions and liquidated damages for the audit period of May 2018 through April 2019, along with six percent interest. *See* 26 U.S.C. § 6621. Second, Plaintiffs assert that they are entitled to an inspection and audit of Defendants' employment and payroll records from January 2019 through the present. And "[f]ollowing the audit of the above-noted records, Plaintiffs will then seek entry of a money judgment for all amounts owed in total once Defendants have complied with the District Court's Order."

Defendants' liability to Plaintiffs is established by entry of default, and the sole remaining issue before the Court is a determination of damages. *See Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973). Under these circumstances, a party entitled to a default judgment must prove its damages by a preponderance of the evidence. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). To determine damages, a district court may take evidence when necessary or compute damages from facts in the record, so as "to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944). In a default proceeding, the plaintiff is entitled to all reasonable inferences to arrive at a specific sum of damages. *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002). "[A] default judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton-*

*Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000) (internal quotation marks omitted).

ERISA requires employers to fulfill their contribution obligations to a multiple-employer plan "under the terms of the plan or under the terms of a collectively bargained agreement." 29 U.S.C. § 1145. A delinquent employer is liable in damages for unpaid contributions, interest, liquidated damages, reasonable costs and attorneys' fees, and other legal or equitable relief. 29 U.S.C. § 1132(g)(2).

Here, Plaintiffs seek injunctive relief requiring Defendants to produce business records from January 2019 through the present. Without this relief, Plaintiffs argue, they cannot establish their damages by a preponderance of the evidence because the extent of Defendants' delinquency remains unknown. ERISA expressly permits injunctive relief as to any act or practice violating the terms of ERISA or a plan governed by it. 29 U.S.C. § 1132(a)(3). ERISA also permits "other legal or equitable relief." 29 U.S.C. § 1132(g)(2)(E). Injunctive relief requiring a defendant to produce specific records and to cooperate with an audit, as Plaintiffs seek here, is consistent with ERISA. *See Laborers Fringe Benefit Funds v. Nw. Concrete & Const., Inc.*, 640 F.2d 1350, 1352–53 (6th Cir. 1981); *Int'l Painters*, 239 F. Supp. 2d at 31; *Lewart v. Woodhull Care Ctr. Assocs.*, 549 F. Supp. 879 (S.D.N.Y. 1982); *see also IBEW Local 45 Health & Welfare Fund v. Affordable Elec., Inc.*, No. 8-CV-117, 2009 WL 54559, at *9 (N.D. Iowa. Jan. 7, 2009) ("[A]n injunction is appropriate [because it] promotes the legislative intent of ERISA and is grounded on a good faith belief that additional contributions may be due and owing.").

5

Absent injunctive relief, Plaintiffs cannot account for Defendants' delinquency under the CBA and, for that reason, cannot accurately calculate their damages. Under these circumstances, injunctive relief is appropriate and expressly permitted by ERISA. But the scope of injunctive relief to which Plaintiffs are entitled is less clear. The CBA requires employers to furnish promptly "all necessary employment and payroll records relating to its employees covered by this Agreement, including any other relevant information that may be required in connection with the administration of the Trust Funds." Plaintiffs seek an order requiring Defendants to produce a plethora of business records, bank statements, and other documents.[2] Without supporting documentation or other record evidence, the Court is unable to discern item by item which of the requested documents are "necessary" at this time. The Court concludes that Plaintiffs are entitled to, and Defendants are required to produce, all documents necessary to determine Defendants' compliance with the CBA, along with any other relevant information pertaining to the administration of the funds. In short, Defendants shall cooperate with an audit as required by Article 18, Section H of the

---

[2] The records Plaintiffs seek include: "all payroll registers or journals, time cards, Internal Revenue Form 941 quarterly reports, Form 1099s and 1096s, Internal Revenue W-2 and W-3 forms (to the extent such forms are issued by the employer prior to the audit being completed), payments to any individual for labor or services—regardless of whether each Defendant classifies such individual as an employee or as a subcontractor, cash disbursement reports or journals, checking account bank statements—including copies of all checks issued from the accounts, Minnesota quarterly unemployment reporting forms (MUTAs) and quarterly tax forms, records identifying the type of work performed by each employee and individual who has performed services for each of the Defendants, and such additional records as are deemed necessary to the performance of such audit by representatives of Plaintiffs."

CBA.  *See generally Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 581–82, 582 n. 23 (1985).

Plaintiffs also seek a finding that they are entitled to all relief demanded in their complaint, a finding that Defendants are liable for as-yet-to-be-determined damages, and permission to seek a default judgment at a later date.  But each of these requests seeks an advisory ruling and is untethered to any legal authority.  Accordingly, the Court denies Plaintiffs' motion to the extent that it seeks findings beyond Plaintiffs' present entitlement to injunctive relief.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings, **IT IS HEREBY ORDERED**:

1. Plaintiffs' motion for "entry of default order," (Dkt. 11), is **GRANTED IN PART AND DENIED IN PART** as addressed herein.

2. Defendants shall produce all necessary employment and payroll records for the period of January 2019 through the date of this Order that relate to Defendants' employees covered by the CBA, including any other relevant information that is required in connection with the administration of the Funds.

Dated: February 19, 2020                           s/Wilhelmina M. Wright
                                                                                 Wilhelmina M. Wright
                                                                                 United States District Judge