UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Raines et al., | Case No. 19-cv-2552 (WMW/KMM) |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFAULT JUDGMENT** |
| Phoenix Corp. et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' motion for default judgment. (Dkt. 26.) Plaintiffs seek $55,832.58 for delinquent fringe benefit contributions and liquidated damages, and $7,242.74 in attorneys' fees and costs. For the reasons addressed below, Plaintiffs' motion for default judgment is granted.

## BACKGROUND

Plaintiffs John Raines and Tim McGough are trustees of multi-employer benefit plans[1] (collectively, the Funds). Created and maintained pursuant to Sections 302(c)(5) and 302(c)(6) of the Labor Relations Management Act of 1974, codified as amended at 29 U.S.C. §§ 186(c)(5), 185(c)(6), the Funds are administered in accordance with the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq*.

---

[1] Raines and McGough are Trustees of the Carpenters & Joiners Welfare Fund, Twin City Carpenters Pension Plan, and Carpenters and Joiners Defined Contribution Plan. Raines is also a Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund.

Defendant Phoenix Corp. is a Minnesota corporation engaged in the construction business and Defendant Brian Connell is an owner and/or officer of Phoenix Corp.

Phoenix Corp. agreed on May 3, 2018, to be bound by the terms of a Collective Bargaining Agreement (CBA) with the North Central States Regional Council of Carpenters and the Associated General Contractors of Minnesota. Connell agreed to be personally bound to the obligations of the CBA. Defendants are bound to the CBA through at least April 30, 2020. The CBA requires Defendants to make monthly fringe benefit contributions to the Funds on behalf of all employees covered by the CBA in amounts set forth and agreed upon in the CBA. The CBA also requires that Defendants make available employment and payroll records for examination and audit by the Funds' trustees or authorized agents whenever such examination is deemed, by the trustees, to be necessary to the proper administration of the Funds or to ascertain compliance.

After an audit of Defendants' records for the period of May 2018 through April 2019, the Funds determined that Defendants were liable for $17,359.45 in fringe benefit contributions and liquidated damages. Plaintiffs requested that Defendants produce a complete set of payroll records for the period of January 2019 through September 2019 to audit Defendants' current compliance with the terms of the CBA. After Defendants failed to comply with this request, Plaintiffs commenced this action on September 18, 2019, alleging that Defendants breached the CBA by failing to timely submit reports and contributions. Plaintiffs personally served Defendants with the complaint in September 2019. Defendants subsequently remitted a partial payment for an audit period covering

May 2018 through December 2018, but Defendants continued to owe delinquent contributions and liquidated damages.

The Clerk of Court entered default against Defendants on October 31, 2019. As of November 20, 2019, Defendants had not produced the requested records for an audit period dating back to January 2019. On November 27, 2019, Plaintiffs moved for an "entry of default order" seeking injunctive relief, contending that they were unable to quantify the amounts owed for January 2019 through the present unless Defendants were ordered to specifically perform the obligation to produce records and permit an audit. The Court granted Plaintiffs' motion to the extent it sought injunctive relief, and ordered Defendants to produce "all necessary employment and payroll records for the period of January 2019 through [February 19, 2020] that relate to Defendants' employees covered by the CBA, including any other relevant information that is required in connection with the administration of the Funds."

After Plaintiffs served Defendants with the Court's order, Defendants produced the necessary business records. Plaintiffs conducted an audit and determined that Defendants owe $50,756.89 in delinquent contributions and $5,075.69 in liquidated damages under the terms of the CBA. Plaintiffs now move for default judgment, seeking an order finding Defendants liable for the delinquent contributions, liquidated damages, and $7,242.74 in attorneys' fees and costs.

## ANALYSIS

Defendants' liability to Plaintiffs is established by the entry of default, and the sole remaining issue before the Court is a determination of damages. *See Brown v. Kenron*

*Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973).  Under these circumstances, a party entitled to a default judgment must prove its damages by a preponderance of the evidence.  *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).  To determine damages, a district court may take evidence when necessary or compute damages from facts in the record, so as "to fix the amount [that] the plaintiff is lawfully entitled to recover and to give judgment accordingly."  *Pope v. United States*, 323 U.S. 1, 12 (1944).  In a default proceeding, the plaintiff is entitled to all reasonable inferences to arrive at a specific sum of damages.  *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002).

Section 502(g)(2) of ERISA governs the calculation of damages for an employer that fails to fulfill its contribution obligations, providing that a court shall award:

> (A)  the unpaid contributions,
>
> (B)  interest on the unpaid contributions,
>
> (C)  an amount equal to the greater of—
>
>> (i)  interest on the unpaid contributions, or
>>
>> (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of [the unpaid contributions],
>
> (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E)  such other legal or equitable relief as the court deems appropriate.

4

29 U.S.C. § 1132(g)(2). These strict remedies were enacted by Congress to provide employers "a strong incentive to honor their contractual obligations to contribute and to facilitate the collection of delinquent accounts." *Laborers Health & Welfare Tr. Fund for N. Cal. v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 547 (1988).

In support of their motion for entry of default judgment, Plaintiffs submitted affidavits from Kyle Anderson, the Funds' administrator, and declarations from Plaintiffs' counsel.

Plaintiffs seek $50,756.89 in unpaid contributions for the period of May 2018 through February 2020. The Anderson affidavit supports this request. Accordingly, the Court grants default judgement as to the unpaid contribution amount of $50,756.89.

Plaintiffs also seek $5,075.69 in liquidated damages. Plaintiffs are entitled to liquidated damages under ERISA. 29 U.S.C. § 1132(g)(2)(C). And the CBA provides that if Phoenix Corp. is delinquent in its contribution obligations, it is liable for a liquidated damages penalty of 10 percent of the unpaid contributions. Because Phoenix Corp. was delinquent in its contributions, it is liable for $5,075.69 in liquidated damages, which is 10 percent of the unpaid contribution amount of $50,756.89. Accordingly, the Court grants default judgment as to liquidated damages of $5,075.69.

Both ERISA and the CBA provide for the recovery of reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2)(C). Plaintiffs filed two declarations of their attorney in support of their claim for $7,242.74 in attorneys' fees and costs.

A district court has substantial discretion when determining the reasonableness of attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Jarrett v. ERC Props.,*

*Inc.*, 211 F.3d 1078, 1085 (8th Cir. 2000).  The amount of reasonable attorneys' fees is determined by employing the lodestar method.  *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564–65 (1986); *McDonald v. Armontrout*, 860 F.2d 1456, 1458 (8th Cir. 1988); *see also Chi. Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Bhd. Labor Leasing*, 974 F. Supp. 751, 754 (E.D. Mo. 1997) (applying lodestar method in ERISA context), *aff'd*, 141 F.3d 1167 (8th Cir. 1998).  When calculating the lodestar amount, a district court multiplies the number of hours reasonably expended by a reasonable hourly rate.  *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). The party seeking to recover attorneys' fees bears the burden of establishing that the requested fees are reasonable.  *Hensley*, 461 U.S. at 433.

Plaintiffs seek $6,166.50 in attorneys' fees.  Plaintiffs incurred attorneys' fees for 1.8 hours of work at a rate of $325 per hour, 27.9 hours of work at a rate between $195 and $205 per hour, and 0.1 hour of work at a rate of $140 per hour.  Plaintiffs incurred fees for drafting motions for default judgment, corresponding with the Court and client representatives, and preparing for the hearings on this matter.  The Court concludes that Plaintiffs' request for $6,166.50 is reasonable in light of prevailing hourly rates and that the tasks performed by counsel were reasonable and necessary to successfully prosecute this litigation.

Plaintiffs also seek $1,076.24 in costs for filing fees and process servers' fees.  These amounts are reasonable and supported by the record.

Accordingly, Plaintiffs' request for $7,242.74 in attorneys' fees and costs is granted.

6

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiffs' motion for entry of default judgment, (Dkt. 26), is **GRANTED**.

2. The Clerk of Court shall enter judgment in the amount of $63,075.32 against Defendants Phoenix Corp. and Brian R. Connell, and in favor of Plaintiffs.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 14, 2020                          s/Wilhelmina M. Wright
                                                                   Wilhelmina M. Wright
                                                                   United States District Judge